UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALVIN DOUGHTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:16CV0002 ACL, |
| MIDWEST NEUROSURGEONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In his *pro se* Complaint, Plaintiff Alvin Doughty alleges a medical malpractice claim against Midwest Neurosurgeons. This matter is before the Court on Defendant Midwest Neurosurgeons, LLC's ("Midwest") Motion to Dismiss, or, in the alternative, for a More Definite Statement and/or to Strike (Doc. 11); and Midwest's Motion to Dismiss for Failure to File Affidavit Required by Section 538.225 of the Missouri Revised Statutes (Doc. 15).

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1 (2002). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.,* 550 U.S. at 570; *see also id.* at 562–63 ("no set of facts" language in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the

1

speculative level." *Id.* at 555. Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A motion for a more definite statement under Rule 12(e) should be granted when a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

1.   **Defendant's Motion to Dismiss/More Definite Statement/Motion to Strike (Doc. 11)**

Defendant first argues that Plaintiff's Complaint should be dismissed because it fails to identify any natural person employed by or acting on behalf of Midwest who engaged in the alleged tortious behavior. Defendant contends that, even if Plaintiff's Complaint states a claim upon which relief can be granted, the Complaint is so vague and ambiguous regarding the identity of the alleged tortfeasor that Midwest cannot formulate responsive pleadings. In addition, Midwest argues that Plaintiff's allegations that Midwest has engaged in criminal and fraudulent activity should be stricken, as they are irrelevant to Plaintiff's medical malpractice claim.

In his Complaint, Plaintiff states that, on October 7, 2015, "they had basically forced me in to taking [an] injection in my neck and told me if I didn't they wouldn't give me my pain meds." (Doc. 16-1 at 2.) Plaintiff further states: "[k]nowing that I was allergic to injections they still proceeded anyway and I had a serious reaction." *Id.* Plaintiff alleges that he was taken to the hospital by ambulance and suffered hearing loss. *Id.* Plaintiff states that "this Dr is also a criminal anyway…" Plaintiff includes this statement as part of his prayer for relief: "This dr office needs to be shut down. This dr. office is known to fraud Medicare." *Id.* at 3.

2

The undersigned finds that the Complaint is vague and ambiguous in that it does not identify any natural person as the alleged tortfeasor. Plaintiff only names Defendant Midwest, which is a corporate entity. Without the names of the specific person or persons that committed the alleged acts, Midwest is unable to formulate a response to Plaintiff's allegations. Thus, the Court will grant Plaintiff's Motion for More Definite Response and will direct Plaintiff to file an Amended Complaint. Plaintiff is cautioned that failure to file an Amended Complaint will result in the dismissal of this action.

Defendant also requests that the Court strike Plaintiff's allegations of fraud and criminal activity. Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). In this case, Plaintiff's vague references to criminal activity and fraud by Defendant is irrelevant to this medical malpractice action and will be stricken.

**2.     Defendant's Motion to Dismiss for Failure to File Affidavit**

Defendant next moves to dismiss Plaintiff's action for his failure to file a health care affidavit, as required by Missouri Revised Statutes § 538.225. Section 538.225 requires plaintiffs to file affidavits attesting to the merits of any action brought against a health care provider. The statute provides, in relevant part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
> * * *
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.
> * * *

Mo. Rev. Stat. § 538.225.

Plaintiff filed his *pro se* Complaint on December 16, 2015, asserting claims against Midwest Neurosurgeons, a healthcare provider. (Doc. 1.) Plaintiff alleges that medical treatment he received from a doctor resulted in personal injuries. *Id.* Under Section 538.225, therefore, Plaintiff is required to file an affidavit stating that Plaintiff has obtained an expert opinion indicating that the care provided by Defendant fell below the applicable standard of care. The deadline for filing this affidavit was Mach 16, 2016.

Plaintiff has filed a Response to Defendant's motion, in which he states that he will "fight this case to the bitter end." (Doc. 18.) Plaintiff then provides additional facts supporting his claim. Plaintiff does not address his failure to file a health care affidavit.

Section 538.225.5 provides that the Court may, for good cause shown, extend the time for filing the affidavit "for a period of time not to exceed an additional ninety days." Given Plaintiff's *pro se* status, the Court will grant Plaintiff an extension, until June 16, 2016, to file a health care affidavit. If Plaintiff fails to file an affidavit, his Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Midwest Neurosurgeons, LLC's Motion to Dismiss, or, in the alternative, for a More Definite Statement and/or to Strike (Doc. 11) is **granted in part**.

**IT IS FURTHER ORDERED** that Plaintiff's allegations of fraud and criminal activity are **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint identifying a natural person as the tortfeasor **no later than June 16, 2016.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a health care affidavit as required by Missouri Revised Statutes § 538.225 **no later than June 16, 2016**.


                                                **/s/** Abbie Crites-Leoni
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of May, 2016.