UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALVIN DOUGHTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:16CV0002 ACL, |
| MIDWEST NEUROSURGEONS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

In his *pro se* Complaint, Plaintiff Alvin Doughty alleges a medical malpractice claim against Midwest Neurosurgeons. This matter is before the Court on Defendant Midwest Neurosurgeons, LLC's ("Midwest") Motion to Dismiss for Failure to File Affidavit Required by Section 538.225 of the Missouri Revised Statutes (Doc. 15).

Section 538.225 requires plaintiffs to file affidavits attesting to the merits of any action brought against a health care provider. The statute provides, in relevant part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
> * * *
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

* * *
Mo. Rev. Stat. § 538.225.

Plaintiff filed his *pro se* Complaint on December 16, 2015, asserting claims against Midwest Neurosurgeons, a healthcare provider. (Doc. 1.) Plaintiff alleges that medical treatment he received from a doctor resulted in personal injuries. *Id.* Under Section 538.225, therefore, Plaintiff is required to file an affidavit stating that Plaintiff has obtained an expert opinion indicating that the care provided by Defendant fell below the applicable standard of care. The deadline for filing this affidavit was March 16, 2016.

In an Order dated May 9, 2016, the Court granted Plaintiff an extension, until June 16, 2016, to file a health care affidavit. Plaintiff was also directed to file an Amended Complaint. The Court cautioned Plaintiff that his failure to file an affidavit would result in the dismissal of his Complaint. Plaintiff has filed an Amended Complaint, but he has not filed a health care affidavit and the deadline for doing so has expired.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to File Affidavit Required by Section 538.225 of the Missouri Revised Statutes (Doc. 15) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **dismissed without prejudice**.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2016.